**UNITED STATES of America,**
**Plaintiff,**

v.

**GAF FINANCIAL SERVICES, INC., Bank of America Account Number 3603894960, GAF Financial Services, Inc., Bank of America Account Number 3890069505 Defendant(s).**

No. 03–62118–CIV.

United States District Court,
S.D. Florida.

Sept. 13, 2004.

William H. Beckerleg, Jr., AUSA, United States Attorney's Office, Fort Lauderdale, FL, for Plaintiff.

Martin Louis Hannan, Miami, FL, James Stewart Lewis, Jr., Fort Lauderdale, FL, for defendants.

Dora Austin Rasco, Robert J. Kuntz, Devine Goodman Pallot & Wells, Martin Louis Hannan, Miami, FL, David M. Smilk, Sand Gibbs Marcu Smilk & Sherman, Broomall, PA, for claimants.

***ORDER DENYING CLAIMANT YELLEMA BUREAU DE CHANGE'S MOTION TO RECONSIDER THE ORDER STAYING ACTION AND MOTION TO LIFT STAY***

COHN, District Judge.

**THIS MATTER** is before the Court on Claimant Yellema Bureau De Change's

Motion To Reconsider the Order Staying Action and Motion to Lift Stay filed on August 25, 2004 [DE # 86]. The Court has reviewed the motion, the government's response [DE # 92], Claimant's reply [DE # 94], and the record in this case, and is otherwise duly advised in the premises.

## I. BACKGROUND

On August 20, 2004, the Court stayed the instant forfeiture action pursuant to 18 U.S.C. § 981(g) because of the pendency of a related criminal investigation [DE # 83]. Claimant Yellema Bureau De Change ("Yellema") subsequently filed the present motion for reconsideration of the stay order, arguing that the stay should not have been granted because the government made no showing of how civil discovery would adversely affect the criminal investigation.

The instant civil forfeiture case was instituted against certain bank accounts. The Complaint alleges that the Defendant bank accounts are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) as property derived from proceeds traceable to violations of wire fraud and money laundering. According to the government, the accounts were being used to launder the proceeds from counterfeit checks as well as the proceeds from an Advance Fee Fraud Scheme in an effort to conceal or disguise the nature, the location, the source, and the ownership of the money. (*See* DE # 1 at 2). The related criminal action involves many of the allegations present in the Complaint. As a result of this similarity, the government requested a stay of the instant action, which the Court granted on August 20, 2004. (*See* DE # 80 at 1).

## II. DISCUSSION

Title 18 U.S.C. § 981(g) provides the basis for a stay of a civil forfeiture proceeding as a result of a related criminal proceeding. In relevant part, § 981(g) states as follows:

(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. . . .

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

18 U.S.C. § 981(g) is part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which became effective on August 23, 2000. The new amendments to the civil forfeiture law contained in CAF-

RA provide for a stay whenever a court determines that civil discovery will adversely affect the ability of the United States to investigate or prosecute a related criminal case. *See United States v. All Funds Deposited in Account No. 200008524845,* 162 F.Supp.2d 1325, 1329 (D.Wyo.2001). It also eliminates the previous requirement allowing a stay only after the filing of a criminal information or indictment.[1] *See id.*

■ Pursuant to the statute, it is up to the Court to determine whether civil discovery will affect the criminal investigation. 18 U.S.C. § 981(g)(1). As part of this determination, the government must make an actual showing regarding the anticipated adverse affect that civil discovery will have on the criminal investigation. *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account Number 7240001868,* No. Civ.A.3:04–CV–1476–G, 2004 WL 1834589, *2 (N.D.Tx. Aug. 10, 2004). Additionally, in determining the relatedness of the civil and criminal cases, neither the parties nor the facts in the civil and criminal case need to be identical for the two cases to be considered related. *All Funds Deposited,* 162 F.Supp.2d at 1329–30. The Court needs to consider the degree of similarity between the witnesses, parties, facts, and circumstances. 18 U.S.C. § 981(G)(4).

■ The Court finds that the government has made a sufficient showing to warrant a stay of the instant proceeding as dictated in its August 20th Order [DE # 83]. First, the criminal investigation is clearly related to the instant action. As detailed in the *ex parte* declaration of Special Agent Switzer, submitted along with the government's motion for a stay, the investigation and the instant action have common facts, similar violations, and some common parties. Specifically, Yellema, Yomi Tokosi (President of Yellema), GAF Financial Services, Inc. ("GAF"), and Sola Gafaru (the owner of GAF) are targets of the criminal investigation. Second, the government has also shown that civil discovery will have an anticipated adverse affect on the criminal investigation. Many of the questions contained in Claimant Yellema's motion to compel answers by Agents Mark Switzer and Tom Bender [DE # 75] relate to the criminal investigation. Additionally, along with their Response in Opposition to Yellema's Motion to Reconsider the Order Staying Action, the government submitted a second sealed declaration containing new information. As evidenced by the two sealed declarations,[2] the Court finds that civil discovery would jeopardize the criminal investigation and reaffirms its prior Order staying the instant action.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Based on this amendment, Claimant's argument that a stay is not warranted because there is no indictment pending is no longer valid. (*See* DE # 86 at 2 & 10).

2. In its Reply, Claimant Yellema argues that the government does not point to any particular discovery that would affect the criminal investigation, but rather that the government submitted two *ex parte* affidavits, to which Claimant objects "because it cannot address the issued raised by them." (*See* DE # 94 at n. 1). As the Court stated in *All Funds Deposited,* though claimants "[u]nderstandably ob-

ject to a procedure that would permit the filing of *ex parte,* confidential and sealed declarations in support of a stay," the statute allows for the government to submit evidence in an confidential, *ex parte* form. 162 F.Supp.2d at 1330. Here, the government availed itself of the statute permitting *ex parte* disclosure and submitted a detailed confidential declaration along with its initial motion requesting a stay and has since filed a second declaration expanding and updating the information originally provided to the Court.

1. Claimant Yellema Bureau De Change's Motion To Reconsider the Order Staying Action and Motion to Lift Stay is hereby **DENIED.**

2. Claimant Yellema Bureau De Change's Request for Oral Argument [DE # 88] is hereby **DENIED.**